## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ELISHA ELLERBE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br>and TRANS UNION, LLC,<br><br>　　　　　　Defendants. | Civil Action No.:<br><br><br><br><br><br><br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Plaintiff Elisha Ellerbe ("Plaintiff") brings this action on an individual basis under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("TransUnion") (collectively, "Defendants" or "CRA Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

### NATURE OF THE ACTION

1.　　CRA Defendants have been issuing consumer background reports concerning Plaintiff containing inaccurate reporting on a number of Plaintiff's accounts issued by Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing ("FedLoan") including inaccurate payment statuses on FedLoan accounts.

2.　　Plaintiff disputed the reporting regarding the Furnisher accounts in writing through the channels established by CRA Defendants for disputing consumer credit information. CRA Defendants, in turn, notified Furnishers of Plaintiff's disputes, as required by federal statute.

However, despite receiving notice of the disputes, Defendants willfully continued to report the inaccurate information.

3. Defendants thus violated the FCRA. Upon receiving a consumer's dispute, credit bureaus (such as CRA Defendants) are legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the disputes; and (ii) when and if appropriate, following the performance of reasonable investigation, remove any inaccurate information.

4. Moreover, credit reporting agencies are statutorily obligated to notify furnishers of credit information within five days of receiving a customer's dispute. The furnishers, in turn, are statutorily obligated to conduct an investigation and correct the misleading information as necessary. It is thus reasonable to infer that the Furnishers received notice of Plaintiff's disputes.

5. CRA Defendants willfully, intentionally, recklessly, and negligently failed to meet their obligations in violation of the FCRA, including § 1681e(b), which obligates CRA Defendants to instate and follow reasonable procedures and policies to ensure maximum possible accuracy of information in consumer background reports. Further, CRA Defendants willfully, intentionally, recklessly, and negligently violated § 1681i, which required CRA Defendants to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letters.

6. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the

loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

9. Plaintiff Elisha Ellerbe is a resident of Jacksonville, Florida, and qualifies as a "consumer" as defined and protected by the FCRA. *See* 15 U.S.C. § 1681a(c). Plaintiff is an individual, not an entity.

**Defendants**

10. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of Florida, and may be served with process upon Corporation Service Company, its registered agent for service of process at 1201 Hays Street, Tallahassee, FL 32301. Defendant Equifax qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

11. Defendant Trans Union, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant TransUnion has a principal place of business

located at 555 West Adams, Chicago, IL 60661, is registered to do business in the State of Florida, and may be served with process upon The Prentice Hall Corp. Systems, Inc., its registered agent for service of process at 1201 Hays Street, Tallahassee, FL 32301. Defendant TransUnion qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disbursed Plaintiff's consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

12. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

13. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports by establishing reasonable policies and procedures in order to comport with this minimum reporting standard; and

(ii) to reinvestigate the facts and circumstances surrounding consumer disputes and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

14. CRA Defendants compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing. Plaintiff has a legally protected interest in CRA Defendants fulfilling its respective duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

15. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information.

**FedLoan**

16. Defendants Equifax and TransUnion issued consumer background reports concerning Plaintiff that included inaccurate reporting on Plaintiff's numerous FedLoan accounts.

17. Although Plaintiff's FedLoan accounts were closed with a $0 balance and Plaintiff's payment obligation to FedLoan ceased, Defendants Equifax and TransUnion continued to report in the payment status field of Plaintiff's background report that the FedLoan accounts were "120-149 Days Late."

18. This reporting was materially misleading as it created the misleading appearance that the FedLoan accounts were open, when in fact they were not.

19. On November 14, 2019, Plaintiff sent a letter to Defendants Equifax and TransUnion disputing the accuracy of the reporting of the FedLoan accounts.

20. Despite receiving such disputes, Equifax and TransUnion failed to conduct a reasonable investigation and failed to correct the inaccurate payment status fields reported on Plaintiff's consumer background report. Had Equifax and TransUnion performed reasonable investigations, they would have determined that the FedLoan accounts that had been closed with a $0 balance could not be 120-149 Days Late, as such circumstances are inherently nonsensical and contradictory.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless and/or negligent misconduct**

21. CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

22. The inaccurate information includes personal identifying information, as well as the nature of Plaintiff's tradelines/accounts, including, but not limited to, Plaintiff's accounts with Furnisher. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer, and Plaintiff's overall credit worthiness.

23. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed them in writing via CRA Defendants' mechanisms and procedures established to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendants sent Plaintiff correspondence indicating their intent to continue reporting the inaccurate information. The inaccurate information continues to be published in Plaintiff's consumer background reports.

24. Subsequent to CRA Defendants' correspondence indicating their intent to continue reporting the inaccurate information, Plaintiff was denied the extension of further credit on the basis of the inaccurate reporting.

25. It is reasonable to infer that CRA Defendants notified Furnisher of Plaintiff's disputes. As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendants should have then sent all the relevant evidence/facts to Furnisher and requested an explanation as to the reason the FedLoan accounts were being reported in an inaccurate manner. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (ii) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (iii) forwarded any relevant information concerning Plaintiff's disputes to Furnishers; or (iv) requested or obtained any credit applications or other relevant documents from Furnisher. CRA Defendants willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's disputes, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

26. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of the information in the consumer background reports they published.

27. Upon receipt of Plaintiff's dispute, CRA Defendants were legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding Plaintiff's disputes; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

28. CRA Defendants failed to take any of these steps in violation of the FCRA and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's

consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

29. Plaintiff repeats and realleges that foregoing allegations as if set forth herein.

30. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b).

31. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer*, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1).

32. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include

      all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

33. In violation of §§ 1681e(b) and 1681i, CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background report. Plaintiff disputed the inaccurate information, and still, CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

34. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury, and they are therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

    A.    awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

    B.    awarding attorneys' fees and costs, and other relief; and

    C.    awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  April 20, 2020	**COHEN & MIZRAHI LLP**
	YOSEF STEINMETZ
	Florida Bar No. 119968


	_____/s/ Yosef Steinmetz_____
	YOSEF STEINMETZ

	300 Cadman Plaza West, 12th Floor
	Brooklyn, NY  11201
	Telephone:  929/575-4175
	929/575-4195 (fax)
	yosef@cml.legal

	*Attorneys for Plaintiff*